Melinda-Suzanne: Stone, bene.
c/o 800 Maxwell Road
Eugene, Oregon [97404]
mindystoneOR@mail.com

FILED 14 OCT '22 14:28 USDC-ORE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| MELINDA S. STONE<br><br>    Plaintiff, Pro se<br><br>v.<br><br>CITY OF EUGENE,<br>ERIN ZEMPER<br>"individually and in his/her official capacity"<br><br>and<br><br>SUZANNE M. BRUCE<br>"individually and in his/her official capacity"<br><br>Defendants. | Case No. 6:22-CV-01552-AA<br><br>**COMPLAINT**<br><br>Denial of a Fair and Public Trial,\<br>42 U.S. Code § 1983, 18 U.S. Code § 242-<br>Deprivation of rights under color of law (1st,<br>5th, 6th) and 18 U.S. Code § 241 Conspiracy<br>against rights and malicious prosecution)<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Melinda-Suzanne: Stone, bene. sues Erin Zemper and Suzanne Bruce in the commission of their City of Eugene duties for money damages and states:

This action is being brought forth to redress the deprivation of rights on the part of the Defendants; these rights being secured for the Plaintiff by the United States Constitution and the

Complaint            Page 1

laws of the United States of America. The City of Eugene and its employees/agents conspired to deprive Plaintiff of a fair and public trial and executed a malicious prosecution resulting in false incarceration of her body and causing harm on or about April 18, 2022 in the City of Eugene.

1. Pursuant to 42 USC § 1983, Plaintiff, Stone, alleges that Defendants violated her 1st, 5th and 6th Amendment rights by denying her the right to a fair and public trial resulting in an unlawful incarceration.

2. Plaintiff seeks awards of economic damages, non-economic damages, and litigation expenses/costs against Defendants Zemper and Bruce and the City of Eugene.

3. Plaintiff also seeks an award of punitive damages against Defendant Zemper and Bruce under federal law.

## JURISDICTIONAL ALLEGATIONS

4. This is an action for money damages in excess of $75,000.

5. At all material times herein, Plaintiff Stone was living in Oregon.

6. At all material times herein, Defendants Zemper and Bruce were employees of the City of Eugene acting within the course and scope of their employment. They are being sued in their individual capacities as well.

7. At all material times herein, Defendant City of Eugene ("City") was and is a public body responsible under state law for the acts and omissions of its employees.

8. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC § 1331, 1343 and 1367.

## GENERAL FACTUAL ALLEGATIONS

9. Stone was arrested and charged with violating City of Eugene Ordinance 4.807. Judge Erin Zemper was assigned as the trial judge and Assistant City Prosecutor, Suzanne Bruce prosecuted the case. Stone demanded a jury trial.

10. Over the pendency of her case, Stone was appointed four separate attorneys and fired all of them, choosing to handle the case herself. The last attorney filed two "Motion to Withdraw" instruments. These were filed months apart and both were granted by Zemper.

11. Stone's third court appointed attorney filed motions to,: A. hold an OUTDOOR TRIAL, B. hold a VIRTUAL TRIAL and C. hold a FAIR TRIAL. All motions were denied.

12. The City Prosecutor's Office utilized a team of Eugene Police Officers (at least 10) to add "additional security measures." One of these measures employed was a metal detector security check at the front door of the courthouse, only on the days when Stone's trials took place. This was in addition to the fixed metal detector security check station at the entrance to the lobby.

13. There were two trials on the same charge that took place without the public in Zemper's courtroom in the spectator seats.

14. Plaintiff had a timely Notice of Tort Claim hand delivered to the Eugene City Manager and to City of Eugene Risk Management personnel on October 12, 2022.

## COUNT 1 CAUSE OF ACTION

**(28 U.S. Code § 1983 and 18 U.S. Code § 242- 1st, 5th and 6th Amendment Violations)**

### FIRST CLAIM FOR RELIEF

(Denial of Fair and Public Trial)

15. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

16. Stone was coerced under duress to wear a mask, in two in-person court appearances (one in November 2021 and the other in January 2022) before Judge Zemper.

17. Stone's religious exemption to not wear a mask was denied.

18. The City of Eugene attempted to bring Stone to trial three times (11/03/2021, 01/20/2022 and 04/13/2022).

19. Stone was denied the right to a speedy trial.

20. Zemper expressed her prejudice before the jury on 1/20/2022.

21. On April 13, 2022, the courthouse front doors were locked from 12:30 p.m. to 4:00 p.m. preventing the public from any physical access to the courthouse.

22. Stone was denied her right to a public trial.

23. Being without counsel, Stone was denied the right to participate in jury selection.

24. Stone was denied the right to confront the witnesses against her.

25. Stone was denied the right to testify.

26. Stone was denied the right to make closing arguments.

27. As described above, Zemper and Bruce violated Stone's right to due process in a court of law.

28. As a result of the above, Stone is entitled to an award of economic and noneconomic damages against the individual Defendants in an amount to be determined at trial.

## COUNT 2- CAUSE OF ACTION

### (18 U.S. Code § 241 (Conspiracy))

### FIRST CLAIM FOR RELIEF

(Conspiracy)

29. As applicable, Plaintiff Stone incorporates the above.

30. On November 3, 2021 Judge Zemper assigned a fourth court appointed attorney to Stone which she objected to on the record.

31. Judge Zemper granted the fourth court appointed attorney his Motion to Withdraw.

32. Judge Zemper ordered fourth attorney to act as Stone's "advisory counsel" at her trial.

33. Stone objected to Zemper's order.

34. January 20, 2022, Judge Zemper removed Stone from the courtroom jury trial.

35. Judge Zemper installed the "advisory counsel" to the Defendants table.

36. Stone was tried ex parte in absentia.

37. On February 16, 2022 the "advisory counsel" held a hearing on his second Motion to Withdraw.

38. The February 16th hearing was held virtually to which Stone was ex parte.

39. On April 13, 2022, a new second "trial" was executed.

40. Stone challenged jurisdiction.

41. Bruce and Zemper failed to establish jurisdiction.

42. Stone was removed from Zemper's courtroom again.

43. Zemper and Bruce proceeded to commence the entire trial without anyone at the Defendant's table.

44. Bruce and Zemper succeeded in obtaining a false guilty verdict.

45. The City of Eugene, Zemper and Bruce engaged in a conspiracy:

(1) Both defendants worked for the same employer.

(2) The meeting of the minds, was fully demonstrated by the manner in which they achieved the object of the conspiracy which is the conviction.

(3) Both Defendants intentionally created the opportunity to overtly deny plaintiff a 6th Amendment (public) trial.

46. As a result of the above, Stone is entitled to an award of economic and noneconomic damages against the individual Defendants in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

(Malicious Prosecution)

47. As applicable, Plaintiff Stone incorporates the above.

48. The City of Eugene, Zemper and Bruce subjected Stone to a malicious prosecution when:

(1) They engaged in an ex parte hearing/trials.

(2) Kept a fired court appointed attorney who was removed as counsel in the courtroom to take the place of the Defendant without Stone's grant of power of attorney to complete a trial.

(3) Defendants demonstrated the existence of malice, as evidenced by preventing the public to enter into the courtroom.

49. As a result of the above, Stone is entitled to an award of economic and noneconomic damages against the individual Defendants in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

(False Imprisonment)

50. As applicable, Plaintiff Stone incorporates the above.

51. Judge Zemper sentenced Stone to five days in jail (commencing on April 18, 2022), 1 year probation, $100.00 Probation Monitoring fee, no contact or attempt to contact Stephen Lewis or Cody Wills and denied the right to enter any Market of Choice stores for 1 year.

52. Stone was incarcerated in solitary confinement for 23 1/2 hours a day.

53. Stone's dietary requirements were not respected causing plaintiff uncontrolled vomiting.

54. Stone was released on or about twenty eight hours early due to serious health complications to obtain competent medical treatment.

55. As a result of the Defendants disregard for Stone's religious beliefs and medical necessities, she's suffered public embarrassment, shame, financial hardship, physical and emotional stress, and the inability to visit out-of-state family due to constant court hearings and trials for a period of over fourteen months.

56. As a result of the malicious prosecution, plaintiff suffered economic and noneconomic damages.

## DEMAND FOR TRIAL BY JURY

**57. The Plaintiff hereby demands a trial by jury.**

## DEMAND FOR RELIEF

58. WHEREFORE, Plaintiff Stone requests that this Honorable Court grants her the following relief:

59. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to Plaintiff in an amount to be determined by a Jury and/or the Court.

60. A judgment against each individual Defendant on Plaintiffs' Second Cause of Action for $475,000.00 in punitive damages.

61. A monetary award for costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

I, Melinda-Suzanne: Stone, bene. declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

*Melinda-Suzanne: Stone, bene.*
Melinda-Suzanne: Stone, bene.

Pro se

Notary used without prejudice to my rights:

BE IT REMEBERED, that on this \_14\_ day of \_October\_ in the year of our LORD, two thousand and twenty-two, personally appeared before me, the Subscriber, a Notary Public for the State of Oregon, Melinda-Suzanne: Stone, bene., party to this Document, known to me personally to be such, and she acknowledged this Document to be her act and deed. Given under my hand and seal of office, the day and year aforesaid.

Notary Public Sitting in, and for, the State of Oregon

OFFICIAL STAMP
BRYAN LEE SANDERS
NOTARY PUBLIC-OREGON
COMMISSION NO. 980313
MY COMMISSION EXPIRES OCTOBER 21, 2022